The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 25 2025

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-31750 |
| | ) | |
| Toby D Geahlen, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### MEMORANDUM OF DECISION REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

This matter comes before the court upon Chapter 7 Trustee, Thomas E. Cafferty's ("Trustee") *Objection to Debtor's Claim of Exemptions* ("Objection"). [Doc. #12]. Debtor Toby D Geahlen ("Debtor") filed a *Response to Objection to Exemptions* ("Response"). [Doc. #16]. Trustee did not file a reply. An Order for Evidentiary Hearing was entered on January 21, 2025 [Doc. #31].

The Evidentiary Hearing on Trustee's Objection was held on March 18, 2025. [Doc. #34]. Trustee, Debtor, and Debtor's counsel attended the Hearing in person. At the Hearing, Trustee,

Debtor, and Debtor's counsel presented testimony and other evidence in support of their respective positions.

For the reasons below, Trustee's Objection will be overruled.

## JURISDICTION AND VENUE

The district court has jurisdiction over this Chapter 13 case under 28 U.S.C. §1334. This case has been referred to this court by the district court under its general order of reference. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. The Objection to the Debtor's Claim of Exemption is a core proceeding that this court may hear and determine. 28 U.S.C. §§157(a), (b)(2)(A), (B). Venue is proper under 28 U.S.C. §1409(a).

These findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014. *See e.g., Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 710 (6th Cir. 1999). Whether or not specifically referred to in this Memorandum of Decision, the court has examined all the submitted materials, weighed and observed the demeanor and credibility of the witnesses, carefully considered all the evidence, and reviewed the entire record of the case in determining the facts pertinent to the case and drawing conclusions therefrom. *See e.g., In re Parrish*, 326 B.R. 708, 711 (Bankr. N.D. Ohio 2005)("In doing so, the court considered the witnesses' demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression.").

The basis for the Trustee's Objection is that 7663 County Rd. W, Liberty Center, OH (the

"Property"), is not legally titled in the Debtor's name. [Doc. #12]. He asserts that Ohio's homestead exemption [Section 2329.66(A)(1)] does not extend to the Liberty Center Property. *Id.* The Debtor argues that the Henry County Common Pleas Court has recognized that he and his wife are the owners of the Property, a determination reached through a settlement agreement between the parties in the state court action. [Doc. #16]. Debtor further claims that at the time of filing his Chapter 7 Bankruptcy, he and his wife were residing in the Property and have continued to do so. [*Id.*].

## FACTS

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on September 17, 2024. [Doc. #1]. In the Petition, the Debtor listed the Property, located in Henry County, as his residence. [*Id.*]. On Schedule A/B, the Debtor listed the Property as having a current value of $550,000.00 and asserted a "fee simple" and "joint" ownership interest. [*Id.*, p. 10]. On Schedule C, the Debtor claimed an exemption in the Property under Ohio's homestead exemption, O.R.C. §2329.66(A)(1). [*Id.*, p. 16].

The Chapter 7 Trustee filed a timely Objection to the claimed exemption. [Doc. #12].

At the evidentiary hearing on the Objection, the Trustee challenged whether the Debtor actually held an exemptible interest in the Property at the time the Bankruptcy Petition was filed. Specifically, the Trustee relied on Debtor's Exhibit C - the Settlement Agreement and Release of All Claims - arguing that the Property was titled in the names of Trevor Geahlen and Andra Dulaney as of April 10, 2024, and not in the Debtor's name. The Trustee noted that the bankruptcy case was filed on September 17, 2024, and contended that the Debtor lacked record title to the Property on the Petition date.

In response, the Debtor pointed to a provision within Exhibit C, obligating Trevor Geahlen to execute and deliver a Quit Claim Deed conveying the Property to the Debtor on or before April 1, 2024. Debtor contends that the conveyance was agreed to prior to the Petition date, and that he acquired an interest in the Property pursuant to that agreement. However, the Trustee asserts that the closing on the transfer did not occur until after the Petition was filed.

At the hearing, the Debtor testified that the sale of the Property took place after the Bankruptcy Petition was filed. He explained that the Property was originally purchased in 2018, but because he was unable to obtain financing, legal title was placed in the names of his son and daughter. Debtor further testified that he paid the full down payment[1] and that neither the son nor daughter contributed financially to the acquisition or maintenance of the Property. He further stated that he and his wife moved into the Property shortly after the 2018 purchase, and that neither his son nor his daughter had ever lived there.

The Debtor further testified that his son later initiated litigation in state court to compel a sale of the Property. According to the Debtor, the original understanding between him and his children were that his son and daughter would inherit the Property in the future and potentially build on a section of it. Following the filing of the Bankruptcy Petition, the Debtor received a Quit Claim Deed conveying title to the Property. The Property was subsequently transferred to third-party buyers at some time in November of 2024.

Thus, the central issue is whether, as of the Petition date, the Debtor held an exemptible interest in the Property by virtue of an equitable or legal interest, despite not having record title.

---

1/ At the Hearing there was some testimony regarding the fact that at least some payments were made from a business account.

The facts suggest that the Debtor may have had at least a partial equitable interest, which is exemptible under Ohio law as explained below.

However, this raises potential issues concerning the existence of a resulting trust — a situation where property is held in one or more party's name(s), but the purchase price was paid by someone else. The facts also touch on implied trust principles, one of which – a constructive trust – cannot be imposed by a bankruptcy court. Although the Ohio state court did not enter a formal judgment, the parties executed a Settlement Agreement and Release of Claims, ending their litigation. Whether the Debtor's financial contributions and occupancy constitute a sufficient property interest under Ohio law for purposes of the homestead exemption is at the core of this dispute.

## LAW AND ANALYSIS

Section 2329.66(A)(1)(b) of the Ohio Revised Code states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

* * * * * *

> (1)(b) In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Here, the Trustee "objects to the exemption claimed by the debtor . . . because the property is not legally titled in debtor's name." [Doc. #12].

While the Trustee emphasizes that the Debtor lacks legal title, §2329.66(A)(1)(b) protects a "person's interest" in a residence - not just full legal ownership. The statute's plain language focuses on whether the debtors have an "interest" in the property, and the person or a dependent

5

of the person "uses" the property "as a residence". Thus, if the Debtor holds an equitable interest, the exemption may still apply.

In *Taylor v. Freeland & Kronz*, the United States Supreme Court provided the following regarding the procedure for claiming exemptions:

> When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate. *See* 11 U.S.C. §541. The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt. Section 522(b) allowed Davis to choose the exemptions afforded by state law or the federal exemptions listed in §522(d). Section 522(1) states the procedure for claiming exemptions and objecting to claimed exemptions as follows:
>
>> "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt."
>
> Although §522(1) itself does not specify the time for objecting to a claimed exemption, Bankruptcy Rule 4003(b) provides in part:
>
>> "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court."

*Taylor v. Freeland & Kronz,* 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L. Ed. 2d 280 (1992); *see also*, 4 Collier on Bankruptcy ¶522.05[1], at 522-31 (16th ed. 2013). Here, the Trustee filed a timely Objection to Debtor's claim of exemption. [Doc. #12].

As the objecting party, the burden is on the Trustee to establish by a preponderance of the evidence that the Debtor's homestead exemption is not properly claimed. Fed. R. Bankr. P. 4003(c); *In re Wengerd*, 453 B.R. 243, 246 (6th Cir. BAP 2011); *In re Zingale*, 451 B.R. 412, 416 (6th Cir. BAP 2011); *In re Frederick*, 495 B.R. 813, 816 (Bankr. N.D. Ohio 2013); *In re Andrews*, 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003).

The relevant date for determining a debtor's right to claim a homestead exemption is the date of filing the bankruptcy petition. *See*, *In re Wengerd*, 453 B.R. at 247-51; *In re Kyle*, 510 B.R. 804, 809-910 (Bankr. S.D. Ohio 2014); *In re Pier*, 310 B.R. 347, 354 (Bankr. N.D. Ohio 2004); *In re Cope*, 80 B.R. 426, 427-428 (Bankr. N.D. Ohio 1987); *and see*, *White v. Stump*, 266 U.S. 310, 313 (1924)("When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time.... [O]ne common point of time is intended and that is the date of the filing of the petition.").

The first issue addressed will be whether a bankruptcy court can essentially recognize a "resulting trust" when Sixth Circuit case law has held that a bankruptcy court cannot create a "constructive trust." *Cf.*, *In re Omegas Group, Inc.*, 16 F.3d 1443 (6th Cir. 1994). Next, if the court can recognize the existence of a resulting trust, whether the Debtor has established that one exists in the Property. Finally, the court will then address the issue of whether or not the Debtor can claim the homestead exemption in their interest in the Property under Ohio law.

**I. Recognition of Resulting Trusts in Bankruptcy**

The Sixth Circuit has rejected arguments that *In re Omegas Group, Inc.*, 16 F.3d 1443 (6th Cir. 1994), precludes recognition of resulting trusts in bankruptcy. *See*, *FDIC. v. AmFin Fin. Corp.*, 757 F.3d 530, 537 (6th Cir. 2014). *Omegas* held that a constructive trust could not exclude property from the bankruptcy estate because it is an equitable remedy that does not exist until imposed by a court. *In re Omegas Group, Inc.*, 16 F.3d at 1451. The Sixth Circuit in *Omegas* reasoned that the imposition of such a trust could disrupt the underlying bankruptcy policy of ratable distribution among creditors. *Id.*

However, in *FDIC. v. AmFin Fin. Corp.* the Sixth Circuit distinguished resulting trusts from constructive trusts. *See*, *FDIC. v. AmFin Fin. Corp.*, 757 F.3d at 537. The court reasoned

that resulting trusts, unlike constructive trusts, do not conflict with the policy of equal treatment of creditors. *Id.* The court cited a decision from the Ninth Circuit Bankruptcy Appellate Panel, explaining that a resulting trust is enforceable based on the original intent of the parties, and is effective from the date of the original transfer. *Id.* Because resulting trusts are effective from the date of the original transfer, and do not depend on post-Petition "relatively undefined" equitable determinations, they do not interfere with the bankruptcy policy of ratable distribution among creditors. *See*, *id.* (quoting, *In re Sale Guar. Corp.,* 220 B.R. 660, 667-68 (9th Cir. BAP 1998)); *In re Cedar Funding, Inc.*, 408 B.R. 299, 314-15 (Bankr. N.D. Cal. 2009).

The decision in *FDIC v. AmFin Fin. Corp.* also aligns with subsequent Sixth Circuit precedent clarifying the scope of the *Omegas* decision. In finding that a constructive trust had arisen prior to bankruptcy, the *McCafferty* court again restated that the principle of ratable distribution is not implicated where the property in question was never part of the bankruptcy estate to begin with. *McCafferty v. McCafferty (In re McAfferty)*, 96 F.3d 192, 196 (6th Cir. 1996)(citing *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)).

Accordingly, based upon the Court of Appeals' holding in *FDIC. v. AmFin Fin. Corp.*, bankruptcy courts can recognize resulting trusts that arise under state law. *See*, *FDIC. v. AmFin Fin. Corp.*, 757 F.3d at 538 (". . . the key resulting-trust inquiry: whether the parties intended the recipient of the property to also hold the beneficial interest."); *and generally*, *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)("Property interests are created and defined by state law.").

### II. Existence of a Resulting Trust Under Ohio Law

Resulting trusts "may generally be proved by parol and by both direct and circumstantial evidence." *See*, 91 Ohio Jur. 3d Trusts §211 (2023).

8

Debtor testified that although the Property was titled in the names of his son and daughter, he and his wife paid the full purchase price, maintained the Property, and have always been its sole occupants. The court found his stated reasons for placing the Property in his children's names to be credible. The Debtor testified that he was unable to qualify for a line of credit to purchase the Property, while his son and daughter could. Other than evidence that some mortgage payments came from a business account for Debtor's business, the mortgage was paid by the Debtor, not by the son or daughter.

Under Ohio law, trusts can be either express or implied. An implied trust includes resulting and constructive trusts. *See*, 91 Ohio Jur. 3d Trusts §206 (2023). The Ohio Supreme Court defines a resulting trust as:

> 'one which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title.' 40 Ohio Jurisprudence, 240, Section 76. The device has historically been applied to three situations: (1) Purchase-money trusts; (2) instances where an express trust does not exhaust the res given to the trustee; and (3) express trusts which fail, in whole or in part. 2A Bogert on Trusts, 405 Section 451.

*In re Cunningham*, 2008 WL 2746023 at *3, 2008 Bankr. LEXIS 4125 at *10 (Bankr. N.D. Ohio July 11, 2008)(quoting *First Natl. Bank of Cincinnati v. Tenney*, 138 N.E.2d 15, 17 (Ohio 1956)); *see also*, *Johnson v. Kuehn*, 2020 WL 4036875 at *5 (Ohio App. Ct. 7th Dist. July 10, 2020). The intent of the parties is the touchstone consideration. *See*, *John Deere Industrial Equip. Co.*, 9 Ohio App. 3d at 255, 459 N.E.2d at 616 (Ohio App. Ct. 8th Dist. 1983)(quoting, *Creed v. Lancaster Bank*, 1 Ohio St. 1, 9 (Ohio 1852))("the great question in the case, is one of intention"); *In re Cunningham*, 2008 WL 2746023 at *3, 2008 Bankr. LEXIS 4125 at *11.

A purchase-money resulting trust generally arises where title to property is transferred to one person, but the purchase price is paid by another. *Clemens v. Clemens* (*In re Clemens*), 472

F.2d 939, 942 (6th Cir. 1972); *John Deere Indus. Equip. Co.*, 9 Ohio App. 3d at 255, 459 N.E.2d at 616; *Brate v. Hurt*, 174 Ohio App. 3d 101, 109, 880 N.E.2d 980, 986 (Ohio App. Ct. 12th Dist. 2007); *see also*, 91 Ohio Jur. 3d Trusts §225 (2023). The property is considered to be held in trust by the transferee for the benefit of the payor. *See*, *In re Cunningham*, 2008 WL 2746023 at *3, 2008 Bankr. LEXIS 4125 at *11; 91 Ohio Jur. 3d Trusts §226 (2023).

However, when a transfer is made "by the payor to a 'natural object of the bounty' of the payor" there is no implication of a resulting trust. *In re Cunningham*, 2008 WL 2746023 at *4, 2008 Bankr. LEXIS 4125 at *12. Thus, if the transferee is a family member of the payor, there arises a presumption of a gift, granting the transferee both legal and equitable title to the property. *Id.* (citing *John Deere Industrial Equip. Co.*, 9 Ohio App.3d at 255, 459 N.E.2d at 616 (Ohio Ct. App. 8th Dist. 1983)(conveyance from a parent to a child is presumed to be a gift, unless overcome by other evidence)); *see also*, 53 Ohio Jur.2d Trusts §103 at 602. An exception is noted, however, when title is taken in the name of a natural object of the purchaser's bounty:

> It is said that a resulting trust does not arise if the transferee is 'a natural object of bounty' of the person who pays the purchase price, unless it appears from other evidence that the person who paid the purchase price intended to retain a beneficial interest in the property. Restatement of the Law, Trusts 2d, at Section 442. In other words, the law presumes that a conveyance to an individual's own child without fair consideration is a gift, unless the presumption is overcome by other evidence tending to show that the parent conveyed only the bare legal title, and intended to retain her equitable ownership.

*John Deere v. Indus. Equip. Co.*, 9 Ohio App.3d at 255, 459 N.E.2d at 616; *see also*, *In re Clemens*, 472 F.2d at 943; *Stevens v. Radey*, 117 Ohio St. 3d 65, 68, 881 N.E.2d 855, 860 (Ohio 2008); *In re Phillips*, 41 B.R. 143, 145-46 (Bankr. N.D. Ohio 1984)(citing *Hoffman v. Vetter*, 192 N.E.2d 249 (Ohio App. Ct. 9th Dist. 1962); *Thomas v. Dye*, 127 N.E.2d 228 (Ohio App. Ct. 2nd Dist. 1954); *see also*, 91 Ohio Jur. 3d Trusts §§211-12 (2023). "If the evidence is doubtful or capable of reasonable explanation upon a theory other than the existence of the trust, it is not sufficient to

24-31750-jpg    Doc 35    FILED 06/25/25    ENTERED 06/25/25 16:59:37    Page 10 of 14

support a decree declaring and enforcing the trust." *Stevens v. Radey*, 117 Ohio St. 3d at 68, 881 N.E.2d at 860, *quoting*, *Univ. Hosps. of Cleveland, Inc.*, 96 Ohio St.3d 118, 129, 772 N.E.2d 105, 116 (Ohio 2002); *see also*, 91 Ohio Jur. 3d Trusts §213 (2023).

However, there is authority for a secondary presumption that appears to arise – even in "a natural object of bounty" case - based upon the payment of the mortgage on the subject property. "A resulting trust also arises in a case such as the case at bar where a person other than the transferee undertakes an obligation to pay the purchase price on credit. Restatement of the Law, Trusts 2d, at Section 456." *John Deere Indus. Equip. Co.*, 9 Ohio App. 3d at 255, 459 N.E.2d at 616. The *John Deere* court further stated:

> Mrs. Gentile has undertaken to pay the $30,000 mortgage (and a subsequent $5,000 home improvement loan), obtained over her children's signature ostensibly in connection with their "purchase" of the home.
>
> Once Gloria Gentile demonstrated, by clear and convincing evidence, that it was she who was paying the mortgage, a presumption arose that her children were holding the property in trust for her. Restatement of the Law, Trusts 2d, at Section 458.

*John Deere Indus. Equip. Co.*, 9 Ohio App. 3d at 255-256, 459 N.E.2d at 617.

Here, the Debtor paid the mortgage from the time the Property was acquired in 2018 – years before the filing of this bankruptcy case in 2024.

Further, litigation subsequently initiated by the Debtor's son - seeking to force the sale of the Property - strongly suggests that the parties did not consider the children to be the true owners of the Property. Instead, the son's need to resort to litigation to force a sale strongly suggests he knew he did not have the rights of an owner, again supporting Debtor's claim that he intended to retain beneficial ownership. The settlement of the litigation between the Debtor and his children ultimately resulted in an agreement to place record title in the name of the Debtor, albeit that

24-31750-jpg    Doc 35    FILED 06/25/25    ENTERED 06/25/25 16:59:37    Page 11 of 14

change in record title was not completed until after the bankruptcy was filed. While this type of factual scenario could support a finding of some type of manipulation, based on the testimony presented, the court finds that was not the case here.

The evidence also showed that the funds in issue in this case resulted from an increase in the value of the Property directly attributable to improvements that were made after the Property was acquired. All of the improvements to the Property were financed (or constructed) by Debtor.

Taken together, the Debtor's continued dominion over the Property, and the subsequent adversarial conduct by his son, the payment of the mortgage, the improvements made by the Debtor to the Property, all weigh in favor of finding that placing the Property in the names of the son and daughter was not as a gift and that a resulting trust was intended. *See*, *In re Clemens*, 472 F.2d at 939(a decision under the Bankruptcy Act).

Finally, the court finds that disqualifying facts - that would prevent the finding of a resulting trust – are not present in this case. There was no evidence that the transfer is made to accomplish an unlawful purpose, or that it was made in order to hinder, delay, or defraud existing creditors.

**III. Exemptibility of Debtor's Interest in the Property**

Having concluded that the Debtor holds an equitable interest in the Property on the Petition date, the court next considers whether that interest is exemptible.

The filing of a petition for relief under the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" wherever located and by whomever held. 11 U.S.C. §541(a)(1). The Bankruptcy Code authorizes a debtor to "exempt" certain property from the estate. *Id.* at §522(b); *Law v. Siegel*, 571 U.S. 415, 417, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014); *Holland v. Star Bank, N.A.* (*In re Holland*),

12

151 F.3d 547, 548 (6th Cir. 1998).

Section 2329.66(A)(1)(b) of the Ohio Revised Code states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\* \* \* \* \* \*

(1)(b) In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars,[2] in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Under Ohio law, exemptions are to be liberally construed in favor of the debtor. *See*, *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 446, 504 N.E.2d 1100, 1105 (Ohio 1986). However, the *Daugherty* court noted: "As in other instances of statutory interpretation, even a liberal construction of R.C. 2329.66 does not give us license to enlarge this statute or strain its meaning. We have made it clear that ". . . [b]y 'liberal construction' is not meant that words and phrases shall be given an unnatural meaning, or that the meaning shall be . . . expanded to meet a particular state of facts."" *Id.*, at 447, *citing, Dennis v. Smith*, 125 Ohio St. 120, 124, 180 N.E. 638 (Ohio 1932); *Morris Plan Bank v. Viona*, 122 Ohio St. 28, 170 N.E. 650. (Ohio 1930).

The term "residence" is not defined in O.R.C. Chapter 2329 of the Ohio Revised Code. *Meadow Wind Health Center, Inc. v. McInnes*, 2000 WL 1055938, 2000 Ohio App. LEXIS 3415 (Ohio App. July 24, 2000). But, courts have interpreted the language "uses as a residence" to mean that the property must be occupied and used as a home. *In re Kimble*, 344 B.R. 546, 555 (Bankr. S.D. Ohio 2006); *In re Flegner*, 2011 WL 5056994, 2011 Bankr. LEXIS 4118 (Bankr.

---

2/ Ohio's homestead exemption is now higher than the amount reflected in the statute. *See*, *In re Henneman*, 2024 WL 3432861 at \*1 n.1, 2024 Bankr. LEXIS 1637 at \*3-4 n.1 (Bankr. N.D. Ohio July 16, 2024)(noting the current exemption is $161,375). The amount of the homestead exemption is not at issue in this case.

N.D. Ohio Oct. 24, 2011).

As stated by the Ohio Supreme Court:

> The term 'homestead' therefore contemplates occupancy as a dwelling place, and therefore in order to hold a dwelling place as a 'homestead' it must at some time have been occupied as a home by one who claims the benefit of the exemption.

*Mut. Bldg. & Invest. Co. v. Efros*, 152 Ohio St. 369, 373, 89 N.E.2d 648, 650 (1949) (interpreting Ohio's prior exemption statute, Section 11663–1 of the General Code).

Here, Debtor occupied the Property, which was used as a home/residence for himself and his wife. Accordingly, even though the Debtor did not hold record title, he held an equitable interest in the Property as of the Petition date, and he otherwise meets the statutory requirements for Ohio's homestead exemption. Accordingly, the Debtor's equitable interest that existed at the time of filing is exemptible under Ohio Revised Code §2329.66(A)(1)(b). *See generally*, *In re Pugh*, 2015 WL 5145030 at *3, 2015 Bankr. LEXIS 2911 at *8-9 (Bankr. N.D. Ohio Aug. 31, 2015*); In re Vess*, 2018 WL 722408 at **2-4, 2018 Bankr. LEXIS 298 at **5-8 (Bankr. N.D. Ohio Feb. 5, 2018).

**WHEREFORE**, for all of the above reasons,

**IT IS ORDERED** that the Chapter 7 Trustee's Objection to Debtor's Claim of Exemption [Doc. #12] is **OVERRULED**.

###

14